In the Matter of the Arbitration between Hub Industries, Inc., Petitioner, and George Manufacturing Corp. et al., Respondents.

Supreme Court, Special Term, Queens County, October 26, 1944.

*Joseph Feinstein* for petitioner.

*Sidney S. Allen* for George Manufacturing Corp., respondent.

*Louis S. Posner* for American Rediscount Corporation, respondent.

HOOLEY, J. Motion for an order directing that an arbitration of the disputes that have arisen between the Hub Industries, Inc., and George Manufacturing Corp. and American Rediscount Corporation proceed in the manner provided for in the contracts executed between the parties.

On September 30, 1943, Hub Industries, Inc., entered into an agreement with George Manufacturing Corp. and American Rediscount Corporation in which Hub Industries, Inc., and George Manufacturing Corp. agreed to have their respective accountants audit the accounts between the parties covering transactions up to April 8, 1943, for the purpose of ascertaining if any indebtedness was due from either corporation to the other. The agreement as amended further provided as follows: " If HUB and GEORGE, or either one, has not concluded the audit of the accounts between the parties hereto up to and prior to April 8, 1943 which audit shall be completed on or before November 30th, 1943, or if, upon the conclusion of such accounting or audit for the period up to and prior to April 8th, 1943 the accounts cannot be reconciled, HUB and GEORGE hereby appoint Barrow, Wade, Guthrie & Co., certified public accountants, as agents for both HUB and GEORGE, to examine and audit the accounts and accounting records of both HUB and GEORGE relating to transactions between HUB and GEORGE up to and prior to April 8th, 1943 and to determine the amount which was due from either one of said corporations to the other as of the close of business April 8th, 1943. HUB and GEORGE each for themselves, agree that they shall be bound by any conclusions reached by Barrow, Wade, Guthrie & Co. All fees and expenses of Barrow, Wade, Guthrie & Co. for its services as provided herein shall be paid one-half by HUB and one-half by GEORGE."

The agreement further provided that in the event that Barrow, Wade, Guthrie & Co. should determine that George Manufacturing Corp. was indebted to Hub Industries, Inc., the debtor was to pay the creditor corporation within fourteen days such amount as it might owe, and in the event it failed to make such payments within that time the American Redis-

count Corporation agreed that it would pay the same on behalf of George Manufacturing Corp.

The auditors of the respective parties were unable to reconcile their differences. Repeated demands have been made by the representatives of Hub Industries, Inc., to the officers of George Manufacturing Corp. and American Rediscount Corporation that the controversy be placed in the hands of Barrow, Wade, Guthrie & Co. so as to enable the said company to make a determination of the controversy. A meeting was had between the parties at which time the last-named firm stated that it would proceed upon the payment of a retainer of five hundred dollars by each of the parties. The petitioner has been willing to pay, but the George Manufacturing Corp. and American Rediscount Corporation have refused to say whether or not they will pay. The petitioner offered to pay the retaining fees on behalf of both parties. To this proposition the respondents have made objection.

The principal contention of the respondents is that the contract underlying this application is not a contract of submission to arbitration and that an agreement to arbitrate must be set forth in clear and unmistakable language.

The court cannot agree with the position taken by the respondents herein. No particular form of words is necessary to the making of a valid agreement for arbitration. It is true that if the word " arbitrator " had been used, probably no controversy would have arisen. The use of that word, however, is unnecessary if the court is able to determine from the agreement that it was the intention of the parties that the controversy would be settled by arbitration. All of the essential facts to warrant the action of the court upon this application are here present. There was a controversy. The parties agreed upon a firm who was " to examine and audit the accounts and accounting records * * * and *to determine* the amount which was due from either one of said corporations to the other ". (Emphasis supplied.) The agreement further provided that the parties " agree that they shall be bound by any conclusions reached by Barrow, Wade, Guthrie & Co." The firm of Barrow, Wade, Guthrie & Co. was not limited by the agreement merely to an examination and audit of the books. It was authorized to make a determination and the parties agreed to be bound by any conclusions reached. It is true that the firm of accountants named will not proceed with the formality of a court, but it will have the powers of an arbitrator to make a determination. This is what the parties have agreed upon. The claim that the

respondents never refused to proceed with the determination is untenable. They agreed upon an arbitration and agreed to pay their share of the fees. If the arbitrator asks a retainer before proceeding, the respondents must pay the same and not seek to evade the performance of the agreement entered into by them by a trivial dispute over the time of payment of the fees of the arbitrator.

Motion granted. Settle order on notice.